No. 18224—Charles W. Hammond, Treas. v. John H. Winder, as Receiver, etc. Error to the Court of Appeals of Perry County, Ohio.

1157. TAXATION—1. Revision and correction of aggregate values of separately owned coal in taxing districts.

2. Tax payer may have error to vacate or modify order of tax commission, but failing to do so, cannot enjoin collection of taxes on increased valuations.

JONES, J.

1. When the state tax commission acting under Sections 5612 to 5614, inclusive, General Code, has certified to the county auditor an increase in the aggregate values of separately owned coal in taxing districts, as a class, one affected by the increase has a complete administrative remedy furnished him by Sections 5609 and 5610. General Code (107 O. L. 43, 44), whereby valuations on specific parcels may be revised or corrected. Under those sections the fact may be determined whether the added valuations placed by the auditor on the specific parcels of property have been increased beyond their true value in money. If, on appeal to the tax commission, relief is denied, the taxpayer may institute error proceedings to reverse, vacate or modify its order, under the provisions of Section 5611-2, General Code (107 O. L. 551).

2. Such taxpayer must pursue the administrative and judicial remedies so provided. Failing to do so, he cannot avail himself of the provisions of Section 12075, General Code, by seeking to enjoin the collection of taxes resulting from the increased valuations.

Judgment reversed, and judgment for plaintiff in error.

Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.

## Your Copy of First Published Ohio Territorial Laws

*Will be ready April 1st*

*If you want one*

Don't Neglect to Order It, as some other Lawyer may get it.

### Price Now $4.00

After April 1st $6.00

After April 15th, any price owners may ask

We Publish no Extra Copies.

## The Law Abstract Co.

### No. 257
#### PRITZ v. MESSER et al
No. 18750. Supreme Court.

Motion to direct Hamilton Appeals to certify record.

639. INJUNCTION—Can owners of land be enjoined from erecting a building, under zoning law?

This action was brought to enjoin the erection of a building under a building permit issued March 3, 1924. If was sought by Emelia Pritz to enjoin from going into effect, the building permit which was in the name of Frank Messer, agent, and Jacob Warm and the Beldvidere Building Co. The prayer was that said defendants be perpetually enjoined from proceeding with or continuing, making or completing as not complying with the Zoning Ordinance of said city, any apartment building by virtue of above mentioned permit, or an apartment in accordance with alleged plans and specifications filed with the Building Commissioner of Cincinnati.

In the Superior Court of Cincinnati the erection was enjoined as prayer for. Error was prosecuted by Messer and the Court of Appeals dismissed the petition of Pritz, assessing her with costs of the case.

Pritz's sole contention is that she is entitled to injunctive relief, because the application for a building permit, together with plans and specifications filed, did not comply with the conditions precedent to the issuance of a building permit under the Building Code.

George Hauser, the Building Commissioner of Cincinnati, and one of the defendants in error, contends that the case should be dismissed on the ground that Pritz in her petition prays that the permit issued on March 31, 1924, be revoked and annulled; but says nothing as to subsequent permits issued. He claims that Messer has already started erection, on a permit dated Dec. 26, 1924.

Attorneys—H. B. Street, R. P. Goodman & J. M. McCaslin for Pritz; Michael Heintz, Frank K. Bowman, Landon L. Forchheimer, for Messer, et al; all of Cincinnati.